ALLEN MERRILL, in equity, *vs.* JOSEPH A. JOSE and wife.

Penobscot.    Opinion December 8, 1888.

*Equity.   Married Woman.   R. S., Chap.* 61, *Sec.* 1; *Chap.* 76, *Sec.* 32.

The interest which a wife has in a written contract for the conveyance of land to her by a third person, the payments therefor having been made by her husband out of his own money or means, may be taken in an equitable process against husband and wife, to be appropriated by a creditor on a debt of the husband occurring before the existence of the contract to convey.

BILL IN EQUITY.    Heard on demurrer to bill.

The case is stated in the opinion.

*Crosby and Crosby*, for defendants.

Bill cannot be sustained at common law.

The statute, on which the bill is founded, has no reference to an interest by bond.

Case presents no special claim in equity. The husband is alleged to have paid the first two notes. If so, his wife owes him

$200 ; he can be compelled to assign this indebtedness on a poor debtor's disclosure.

*Blake* v. *Blake*, 64 Maine, 177 ; *Gray* v. *Chase*, 57 Maine, 558 ; R. S., c. 61, § 1.

Shepherd should be made a party to the bill. *Chase* v. *Hathaway*, 14 Mass. 222.

*V. A. Sprague*, for plaintiff.

Shepherd not a necessary party. R. S., c. 81, §§ 56, 60. *Ib.* c. 76, §§ 32, 51.

The interest under a contract or bond for the purchase of real estate, is attachable. Counsel also cited *Blake* v. *Blake*, 64 Maine, 182, and *Bell* v. *Packard*, 69 Maine, 105. The allegations in the bill sufficient. *Hamlen* v. *McGillicuddy*, 62 Maine, 268. Having a legal remedy, may resort to equity. *Ibid.*

PETERS, C. J. In *Sampson* v. *Alexander*, 66 Maine, 182, it was held that real estate purchased by the wife, so far as paid for by the husband's money or means, is, in equity, liable to be taken to pay her husband's debts contracted prior to her obtaining title to such real estate ; and in that case a bill in equity was sustained against the husband and wife to reach the husband's interest.

The statute on which the decree in that case was founded, is not confined to realty, but applies to personal property as well. R. S., c. 61, § 1, provides that when payment has been made, for "property" conveyed to her, from the property of her husband, it may be taken as the property of her husband to pay his debts contracted before such purchase.

We cannot see why this statutory provision does not furnish a remedy in the present case. The bill alleges that the complainant is a judgment creditor of the husband; that after the judgment was obtained the husband contracted for the purchase of a parcel of land of Abner Shepherd, to be conveyed for the consideration of three hundred dollars payable on time; that the bond or written agreement was taken from the seller by the husband in the wife's name for his benefit; that the husband has already actually paid two thirds of the purchase money out of his own

property or means; that an execution has been issued on the judgment and *nulla bona* returned thereon; and he therefore prays that the right to a conveyance, nominally and apparently the wife's, but really the husband's, may be in some proper manner taken and appropriated to the debt due him from the husband.

The right which the wife has in her name is an equitable real estate, or an equitable interest in real estate, which, if in the husband's name, could be attached and levied on by the complainant for his debt. R. S., c. 76, § 32. Not being in the husband's name, the ordinary legal proceeding would not apply, and resort must be had to a remedy in equity. The husband cannot, under the shelter of his wife's name, conceal from his creditors the attachable interest in a right to title in land any more effectually than he could the title itself. Either is attachable property, and property within the meaning of the statute, before quoted, which regulates the property rights of husband and wife.

The bill is not very artistically or completely drawn, but the arguments have made an issue only on the general legal merits of the proceeding, no minor questions being presented. We think the defendants should have the right of further answer.

*Demurrer overruled.*

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.